ConcocK, J.
This action was brought for the taking and carrying away of a certain raft of lumber. The plaintiff had bought' the raft of one Knight, and it was taken by the sheriff on a Ji. fa. which had been lodged in his office against the said Knight. The raft was valued at three hundred and forty-eight dollars, and the jury' found a verdict for the plaintiff for seven hundred dollars. The plaintiff proved the sale by Knight, and the taking and carrying away by the sheriff, and also that he suffered injury in consequence of the said taking, being then engaged in building a valuable pounding *187 will, whjqh was delayed by the loss of the raft. On the part of -the defendant, it was contended, that Knight-Was incompetent, .being interested ; and that no consequential damages could be re-covered‘i4" this action. As to the firstjgi’ound, I$|nk Knight a com,petent y®ess. When the law speaÉkfof an -alferesl which shall exelude'o|h from being a witness, ifpfeans a ¿pecuniary interest; and the pecuniary interest of Knight could not hive been affected, for he was indebted to both the plaintiff and defendant, and would get a credit from whichever of them prevailed. On the second ground, f think there should be a nevy trial, for no consequential damages should have been given in evidence in this form of action ; but, if any had resulted, a separate action should have been brought for that. The alia enormia embraces only such acts as are done at the time the trespass is committed, or in the commission of it; as if in breaking into the close, the trespasser should beat the owner, this would be included in the alia enormia. - But that the delay which took place in the building the plaintiff’s machine, and the consequential loss of toll, should have been made the subject of consideration, is, in my opinion, contrary to the established doctrine on this subject. See 1 Sel., and the cases there referred to, page 454. “ If the injury be occasioned by the act of the defendant at the time; or the defendant be the immediate cause of the injury, trespass vi et armis is the proper remedy ; but where the injury is not direct and immediate on the act done, but consequential only, then the remedy is by an action on the case.” It is highly important that this distinction should be observed, for how else can a defendant come prepared to defend himself. In this case the defendant could not imagine, from the form of action, that any other point would arise than this, whether the execution in his office bound the property .before the sale. It was not alleged that the taking was accompanied with any aggravating circumstances 5 but, on the contrary, it was stated by defendant to be an act of duty as he thought. I am of opinion a new trial should be granted.
Nott, J.
The testimony of Knight was properly admitted. The evidence to prove consequential damages was not objected to at the trial, and, therefore, might be considered by the jury. The .judge’s charge was warranted by the evidence. ■ Therefore a new trial ought to be refused.
Brevard, j;J.
The action was trespass vi et, armis, for taking away personal property. The declaration was general, without any allegation of special damage. Evidence was submitted of consequential damages to the plaintiff arising from the peculiar cir *188 cumstances of the case, from which it appeared that the lumber, for the wrongful taking of which the action was brought, was intended by the plaintiff to complete a mill for pounding rice, and *11 conse<luence °f the injury complained of, the completion of the mill was delayed, and the plaintiff greatly damnified. The admission of this evidence was not objected to ; and, for that reason, I am of opinion, the admission thereof, although improper, is not a sufficient cause for granting this motion. But the judge, in charging the jury on this evidence, did instruct them, that they might legally increase the compensation, by way of damages, for the trespass committed, by taking into their consideration the value of the lumber to the plaintiff, under the particular circumstances of the case, and the loss he sustained in consequence of his mill remaining idle for want of the materials in question, which were purchased for completing it. I am of opinion, that this direction to the jury was wrong; and that a new trial ought, in consequence thereof, to be granted. It cannot be fairly presumed that the jury were indifferent to this direction, and that they did not award damages as well for the consequential loss, as for the violent taking of the lumber, which, upon the record in this case, they were not authorized to do, the consequential injury not being specially alleged in the declaration, as it ought to have been, if it could be compensated in this form of action at all; for a plaintiff cannot give in evidence, or recover damages in this action, for any injury for which action lies, unless it is expressly charged in the declaration, under the general charge of “ other enormities done.” He may give evidence of the manner of committing the trespass in aggravation, or outrages accompanying the same, as insulting a wife or child, tossing about goods, &c., but not of any loss consequentially resulting from the trespass complained of. The reasons which support this rule are founded in obvious policy and justice.
Note. The injury for which an action of trespass vi et armis is brought, must be specially alleged in the declaration; 1 Sid. 225; Cro. J. 53d; unless the injury arises ex. turpi causa, lb, Aa in that case it would make the record indecent, and would not bear another action. Ib. See Ld. Raym. 608,110, 15§3. The plaintiff cannot giv*e evidence of any injury for which this action does not lie, unless it 'be expressly charged in the declaration. Cro. J. 534. 3 Wils. 292. But the plaintiff may, after proving the principal injury charged in the declaration, give evidence of any other injury therein also charged, for which this action does not lie, in aggravation, to shew the enormity of the trespass, as tossing goods, &e. I Salk. 642.
*188 Bay, J., was against a new trial; concurred with Nott, J.
In this action only the mercantile value of the chattel cannot be the measure of damages. All circumstances connected with the unlawful seizure and taking, ought to be considered. The circumstantial value of the thing ought to be estimated. The real value thereof to the party at the time.
Grimke, J., agreed with Colcock, and Brevard, Js.
New trial granted.